CONTINENTAL AUTOMOBILE CO. v. A. G. SPALDING & BROS.

(Circuit Court of Appeals, Second Circuit. February 14, 1911.)

No. 130.

PATENTS (§ 328*)—INFRINGEMENT—CLUTCH MECHANISM.
    The Mabley and Franquist patent, No. 883,552, for a clutch mechanism for automobiles of the reversible cone clutch type, *held* not infringed by a clutch of the multiple disk type.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Continental Automobile Company against A. G. Spalding & Bros. Decree for defendants, and complainant appeals. Affirmed.

The decree of the Circuit Court dismissed the bill which was based upon letters patent No. 883,552, granted to the complainant as assignee of the inventors, Carlton R. Mabley and Gustave E. Franquist, March 31, 1908, for improvements in clutch mechanism. All of the claims are involved except those numbered 3, 9, 10, 14 and 15. The opinion of the court below was filed March 14, 1910, and is reported in 177 Fed. 693.

Edwards, Sagar & Wooster (Clifton V. Edwards and Julian Wooster, of counsel), for appellant.

William A. Redding and Albert M. Austin, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The patent relates to clutch mechanism for the transmission of power from an engine by which the clutch parts

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

can be removed without necessary disarrangement of other parts of the mechanism. It is especially designed for use on automobiles and other vehicles in which the space which contains the parts is very limited, and in order to reach the clutch many of these parts must be removed. It is asserted that the patented clutch can be readily removed and replaced without the necessity of taking out the main shaft of the machine, thus facilitating necessary repairs of the bearing which can be made without disturbing the engine bearings or the driven shaft. After making the repairs to the clutch, it may be replaced in the machine, it being unnecessary to take the machine apart or the driving or driven shaft out of the machine. The patentees assert that their improvement may be applied "in any situation whenever it is undesirable to remove the driving or driven shaft from the machine, but wherein it may be desirable to use a construction wherein the parts shall all be accessible for inspection or removal." The opinion of Judge Ray sets out in extenso all of the claims in issue. He also states fully the proceedings in the Patent Office together with a description of the more relevant portions of the prior art. It is unnecessary to repeat all this. It suffices to say that we agree with him in the opinion that the claims cannot be broadly construed to cover other structures than those shown and described.

The clutch of the patent is a reverse acting cone friction clutch. The defendant uses a multiple disk or Weston clutch. The device is well described by the defendant's expert, Mr. Freeman, as follows:

"In a multiple disk clutch you have a multiplicity of surfaces, each pair pressed together with the same force, so that the frictional grip of such a clutch is equal to the product of the frictional grip of one pair of surfaces multiplied by the number of pairs of surfaces employed. In other words, the power of a multiple disk clutch is determined by the number of pairs of friction surfaces, the condition of those surfaces and the force with which they are pressed together and is independent of the area of them, the matter of area being one of wearing surface and having to do with the life of the clutch and not with its gripping power. The principle of the cone clutch is an entirely different principle."

Mabley and Franquist have made improvements in reversible cone clutch mechanism, which may be patentable. The defendant uses a multiple disk clutch. Both types are old and well known, both are intended to accomplish the same results and each has its advantages, but they work on essentially different principles. Of course it is not pretended that mere improvements entitle the party who makes them to the rewards of a pioneer inventor. There is, to say the least, a strong presumption that one using a well-known multiple disk clutch will not infringe improvements intended for use upon cone clutches only. The doctrine of equivalents cannot be invoked in such circumstances. However, the judge of the Circuit Court analyzed the various claims in detail and reached the conclusion that none was infringed. As we agree with his conclusions, we deem it unnecessary to restate the reasoning by which the conclusion was reached.

The decree is affirmed.